# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50488

RAMIRO CANALES,

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

ASSISTANT WARDEN RONALD C. FOX, Individual and Official Capacity; ASSISTANT WARDEN BRIAN P. BLANCHARD, Individual and Official Capacity; LIEUTENANT JOHN E. RITTER, Individual and Official Capacity; CAPTAIN RICHARD W. HARVEY, Individual and Official Capacity; CAPTAIN JAMES E. SEIGMAN, JR., Individual and Official Capacity; JOHN DOE, Individual and Official Capacity; STEVEN HARRIS, Sergeant of Correctional Officers; JULIE HOPKINS, Sergeant of Correctional Officers; KURTIS D. PHARR, Captain of Correctional Officers; DAVID A. FORET, Sergeant of Correctional Officers; WILLIAM HULL, UTMB Mental Health Manager; COLUMBUS L. SWOPES, Sergeant of Correctional Officers; SERGEANT MICHAEL J. KLUCK, Sergeant of Correctional Officers; LAQUITA S. DOBBINS; FNU COCKRELL, Correctional Officer IV; ROBERT M. PRESTON, Lieutenant of Correctional Officers; MICHAEL GLIMP, Major of Correctional Officers; SHURRIE A. SWINDALL, Texas Department of Criminal Justice, Correctional Institutions Division Case Manager 2,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CV-257

No. 15-50488

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Ramiro Canales, Texas prisoner # 1244960, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to prosecute and for failure to obey court orders. *See* Fed. R. Civ. P. 41(b). The district court denied his motion for leave to proceed IFP on appeal, certifying that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

By moving for leave to proceed IFP, Canales is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a)(5). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Canales does not address the district court's reasons for dismissing his complaint and certifying that his appeal was not taken in good faith. Accordingly, he has abandoned any challenge to that determination, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and he has failed to demonstrate that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because Canales has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.

This court's dismissal of his appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50488

387–88 (5th Cir. 1996); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).  We warn Canales that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

IFP MOTION DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.